UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHERROD BLANDING, #14006912,

                        Plaintiff,

                                                        **ORDER**
          -against-                             15–CV–1176 (JMA)(AKT)

LINDA I. LEBOVITZ and LEGAL AID SOCIETY,

                        Defendants.
----------------------------------------------------------------X

**AZRACK, District Judge**:

      On February 26, 2015, *pro se* plaintiff Sherrod Blanding ("plaintiff") commenced this action against Linda I. Lebovitz, Esq. and the Legal Aid Society (collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed *in forma pauperis*. The Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) for the reasons that follow.

                              **I.     BACKGROUND**[1]

     Plaintiff's brief, handwritten complaint is submitted on the Court's Section 1983 complaint form. In its entirety, plaintiff's statement of claim alleges:[2]

> On Sept. 26, 2014, I was arrested and charged with criminal poss of a weapon. I was then assigned Legal Aid to represent me (Linda Lebovitz) and over time I confided in her on several matters. To wit I was under the impression that our conversation were privelge; only to find out down the road that - that was not so. As my faith in her was tarnished, as our sipposed private conversations were given to the District Attorney's office to make attemp to force me to take a plea, it is beyond me as to the reasons for divulging our conversations. . . . She also

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

make waivers without my consent at very crucile points in my case thereby causing me to suffer unlawful imprisonment and substantial prejudice. . .

(Compl. ¶ IV.) For relief, plaintiff seeks to recover a "money judgment" of an unspecified sum as "compensatory, punitive and exemplary damages . . . ." (Id. ¶ V.)

## II.   DISCUSSION

**A.   *In Forma Pauperis* Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.   Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it: "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.      Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v.

Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Here, the defendants are the Legal Aid Society and an attorney employed thereat. (Compl. ¶ IV). It is long established that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."); see also Caldwell v. Meyer, 14–CV–5383, 2015 WL 428063, at *3 (E.D.N.Y. Jan. 30, 2015) ("It is well-established that attorneys, whether with the Legal Aid Society, court-appointed or privately retained, are generally not state actors for purposes of Section 1983.").

Private actors, such as the defendants, may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Ciambriello, 292 F.3d at 323-24. To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324–25 (citing Pangburn v. Culbertson, 200

F.3d 65, 72 (2d Cir. 1999)).  Here, plaintiff has not alleged that either defendant acted jointly with a state actor or conspired with a state actor to deprive plaintiff of some constitutional right. Rather, plaintiff surmises that his conversations with Lebovitz were shared with the District Attorney and her reason for doing so is "beyond [plaintiff]."  (Compl. ¶ IV.)  Thus, plaintiff has not alleged a plausible conspiracy claim.

Because the defendants are not state actors, there is no legal basis for a § 1983 claim against them.  See, e.g., Damato v. Tsimbidaros, 15–CV–332, 2015 WL 1125508 at *1 (D. Conn. Mar. 12, 2015).  Accordingly, plaintiff's Section 1983 claims against the defendants are not plausible as a matter of law, they are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795–96 (2d Cir. 1999) (internal quotation marks omitted)).  Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08–CV–911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint.  In an abundance of caution, plaintiff is afforded an opportunity to amend his complaint in accordance with this Memorandum and Order.  Plaintiff's amended complaint

must be labeled as an "amended complaint," bear the same docket number as this Memorandum and Order, 15–CV–1176(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Memorandum and Order.  Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint.  Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

### III.   CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Memorandum and Order.  Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Memorandum and Order, 15–CV–1176(JMA)(AKT), and shall be filed within thirty (30) days from the date of this Memorandum and Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date: March 23, 2015
         Central Islip, New York

                                                          /s/(JMA)
                                                    Joan M. Azrack
                                                    United States District Judge